## PARNELL et al. v. WADLINGTON et al.

No. 2540.   Opinion Filed December 23, 1913.

Rehearing Denied June 23, 1914.

(139 Pac. 121.)

**GUARDIAN AND WARD—Services of Attorney—Right to Compensation.** Where a firm of attorneys are employed by the acting guardian of the estate of minor heirs to perform legal services, and such employment is ordered and sanctioned by the probate court, and it appears that such services were necessary and beneficial to the estate, and that the charges therefor were reasonable and just, and where the judgment for the amount claimed is sufficiently supported by the evidence, such judgment will not be disturbed.

(Syllabus by Harrison, C.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by B. C. Wadlington and another, a partnership known as Wadlington & Wadlington, a firm of attorneys, against the guardian of the estate of Hoyt and Ewing Parnell, minors, for legal services. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Rennie, Hocker & Moore,* for plaintiffs in error.

*Wadlington & Wadlington,* for defendants in error.

Opinion by HARRISON, C. This cause was tried in the district court of McClain county in October, 1910, the same being an action by Wadlington & Wadlington, a firm of attorneys,

against Hoyt and Ewing Parnell, minors, and their guardian for legal services rendered in different suits on behalf of said minors. The claims for said services had been filed in the county court of McClain county and allowed by said court, and it was further ordered by the county court that the guardian of the estate of said minors pay to said firm of lawyers the fees so allowed and ordered. The guardian refused to pay said fees, and appealed from the order of the county court to the district court, where a trial *de novo* was had, and judgment rendered for the fees so allowed and ordered by the county court. The services for which such fees were charged consisted in bringing an action in the district court for $1,500 rents due to said minors from their lessee, who it seems had refused to pay the rent for about four years, and also an action in the county court for the sum of $110 against the same lessee for rent corn which said lessee had appropriated to his own use, and for some additional legal services, consisting of obtaining an order of the county court reinstating a guardian, correcting a lease, and filing some reports, etc.

There is no contention that the services were not rendered, nor evidence that they were not beneficial to the estate of said minors, nor that they were not worth the amount allowed for same. The material contention is that Zarrina Hammon, formerly Zarrina Parnell, mother of said minors, was not a technically legal guardian of said minors at the time of the employment of said attorneys, although she had been duly appointed as guardian, because of the fact that she was a married woman at the time, and therefore was not legally competent to employ attorneys to represent said minors, and thereby bind their estate for services rendered by such attorneys. However this may be, it appears from the record that she was the duly appointed and acting guardian at the time, that they had no other guardian, and that the lessee in question had refused to pay any rents for four or five years, and that the services rendered by the firm of attorneys brought about a satisfactory settlement. It also appears that the present guardian, plaintiff in error, acted for said lessee in bringing about the settlement made by Zarrina Hammon and procuring a dismissal of the two actions by her, and in keeping

concealed the amount paid in said settlement, and no complaint is made of the legality of her acts in this regard. Upon the whole record we think the services of defendants in error were necessary, and that the amount allowed for same is reasonable. We find no material error in the trial of the cause.

It is true, great stress is laid by plaintiffs in error upon the fact that certain records of the probate court were admitted in evidence at the trial, and especially the admission of a *nunc pro tunc* order made by the county court and admitted in evidence by the trial judge after the case had been closed; but, inasmuch as it is not denied that Zarrina Hammon was the acting guardian of said minors under letters of guardianship at the time, and as it is not denied that the services rendered were necessary, nor any testimony submitted tending to show that such services were not beneficial to the estate, we think the admission of the records complained of was wholly immaterial, and that the judgment should be affirmed.

By the Court: It is so ordered.